**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Stickle, et al., | No. 08-083-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| SCI Western Market Support Center, L.P., et al., | |
| Defendant. | |

This action arises out of alleged violations of the Federal Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*, ("FLSA") based on a purported failure to pay wages to certain employees of SCI subsidiary companies. Plaintiffs also assert derivative claims for purported violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104(a)(1), 1059(a)(1), and 1332(a)(3); and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, based on Defendants' alleged FLSA violations. The Complaint names as Defendants numerous entities and individuals, each of whom, Plaintiffs assert, was an employer, joint employer, or alter ego for purposes of the FLSA claim.

Presently pending before the Court are Plaintiffs' Motion for Collective Action Notification (Dkt.#243.), Defendants' Motion to Strike (Dkt.#258.), and Defendants' Motion

to Strike Plaintiffs' Newly Submitted Affirmations, (Dkt.#271.). After reviewing the pleading and holding argument on these matters, the Court issues the following Order.

**I.     Procedural History**

This lawsuit was commenced on January 15, 2008. Immediately thereafter, Plaintiffs filed a Motion for Collective Action Notification/Motion for Class Certification. In that Motion, Plaintiffs argued that Defendants maintained an unlawful "On-Call Policy," and in so doing, Defendants allegedly deprived employees of pay for work performed outside of the workday and off-site from the funeral home. On January 31, 2008, the Court denied Plaintiffs' Motion.

Following this ruling, along with the Court's September 31, 2008 Order addressing Defendants' Motion to Dismiss, Plaintiffs sought leave to file numerous individual motions for collective action notification. On November 20, 2008, this Court held a status hearing where, in the interests of judicial economy, the Court denied Plaintiffs' request to file multiple motions for notice, and instead directed Plaintiffs to file a single motion for notice within 35 days of that hearing. Pursuant to the Court's Order, on December 23, 2008, Plaintiffs filed the instant Motion for Notice.

The instant Motion for Collective Action Notification seeks to notify seven different classes of employees who "could have been permitted to work" pursuant to Defendants' "Community Work Policy," "Pre-Needs Appointment Policy," "Training Compensation Policy," "Meal Break Deduction Policy," "Pre-Approval for Overtime Pay Policy," "Unrecorded Work Time Policy," and "Failure to Include All Remuneration in Overtime Calculation Policy." Interestingly, Plaintiffs did not renew their motion to notice employees who were allegedly subjected to Defendants "On-Call Policy."[1] In the instant motion, Plaintiffs ask the Court to conditionally certify a class for notification purposes consisting

---

[1]Because the Court directed Plaintiffs to file a single motion for notice, the Court will deem waived Plaintiffs' claims for FLSA violations relating to Defendants' supposed "On-Call Policy," along with any additional sub-classes that were not included in the instant motion.

of "all hourly employees of SCI at all of its locations" who "could have been" subject to the seven aforementioned policies. According to Defendants, a collective action notification of this size would permit Plaintiffs to notify approximately 11,000 individuals in over 39 states who perform or have performed more than 500 different job positions.

In support of this request Plaintiffs have eight affirmations from eight hourly workers, who have worked for sixteen different funeral homes located in six different states (Arizona, Connecticut, Florida, Georgia, North Carolina, and Oregon): Plaintiffs Mark Sileo of Connecticut, Mark Goolsby of Georgia, Russell Slotnick of Florida, Stephanie Brown of Illinois, Marguerite Wickett of Florida, Eric Walland of Oregon, Patricia Kaiser of Florida, and Carrie Henderson of North Carolina were all employed by defendants as hourly employees, and have submitted affirmations in support of this motion. These declarants have held a number of different hourly positions. At the same time, it should be noted that over 250 individuals have already opted into the proposed class, and these proposed parties are located in states from across the country, including Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, North Carolina, Nebraska, Nevada, New Jersey, New Mexico, New York, Ohio, Oregon, Puerto Rico, Tennessee, Texas, Utah, Virginia, Washington and Wisconsin.

In addition, Plaintiffs seek the Court's permission to notify these current and former employees by requiring Defendants to post notices and opt-in forms in a conspicuous place (such as break rooms or other such locations) at Defendants' locations for a period of 90 days, by requiring Defendants to email notification to these individuals, and by requiring Defendants to publicize Plaintiffs' proffered notices and opt-in forms three times in Defendants' employee newsletter or other employee communications.

## II.     Legal Framework

A party may bring a collective action under the FLSA on behalf of other "similarly situated" employees. See 29 U.S.C. § 216(b); Hoffman-LA Roche v. Sperling, 493 U.S. 165, 168-69 (1989); Hutton v. Bank of America, 2007 WL 5307976, *1 (D. Ariz. Mar. 31, 2007)

(slip opinion). "The district court has discretion to determine whether a collective action is appropriate." Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474, 481 (E.D. Cal. 2006) (citing Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004)). Unlike class action brought under Rule 23 of the Federal Rulesof Civil Procedure, the FLSA provides for participation in the collective action suit on an opt-in basis. See 29 U.S.C. § 216(b) (An employee cannot be a plaintiff "unless he gives his consent in writing to become such a party and such consent is filed in the court.").

Plaintiffs' have therefore filed a motion to notify Defendants' potentially aggrieved former and active employees in order to provide these individual with the opportunity to opt-into Plaintiffs' proposed class. So, the issue now before the Court is whether Plaintiffs and the proposed opt-in plaintiffs are "similarly situated" within the meaning of § 216(b). Section 216(b) does not define "similarly situated," and the Ninth Circuit Court of Appeals has not construed the term. Federal district courts have taken at least three approaches to determining whether plaintiffs are "similarly situated" for purposes of § 216(b): "(1) a two-tiered case-by-case approach, (2) the incorporation of the requirements of Rule 23 of the current Federal Rules of Civil Procedure, or (3) the incorporation of the requirements of the pre-1966 version of Rule 23 for 'spurious' class actions." Id. (citing Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1103 (10th Cir. 2001)). However, district courts within the Ninth Circuit generally follow the two-tiered or two-step approach for making a collective action determination. See Hoffman-LA Roche, 493 U.S. at 168-69; Hutton, 2007 WL 5307976, at *1 (internal citations omitted).[2] Under the two-step approach, the court determines, "on an ad hoc case-by-case basis, whether plaintiffs are similarly situated." Thiessen, 267 F.3d at 1102 (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213 (5th Cir. 1995) (overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003))). This requires the court to first make "an initial 'notice stage' determination of whether

---

[2] At the November 20, 2008 Scheduling Conference, this Court indicated that it would be following the two-step approach outlined by the Eleventh Circuit. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).

- 4 -

plaintiffs are 'similarly situated.'" Id. (citing Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). At this first stage, the court "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" Id. (quoting Vaszlavik, 175 F.R.D at 678)). If a plaintiff can survive this hurdle, the district court will conditionally certify the proposed class and the lawsuit will proceed to a period of notification, which will permit potential class members to opt-into the lawsuit. Once the notification period ends, the Court moves on to the second step of the certification process. At the second step, in response to a motion to decertify filed by defendants, the court makes yet another determination whether the proposed class members are similarly situated; this time, however, the court utilizes a much stricter standard to scrutinize the nature of the claims. Id. at 1102-03.

While conditional certification at the first stage is by no means automatic, see Adams v. School Board of Hanover County, 2008 WL 5070454 (E.D. Va. Nov. 26, 2008), Plaintiffs' burden is light. "All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." Wertheim v. State of Arizona, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993); In re Wells Fargo Home Mortgage Overtime Pay Litig., WL 3045994, at *14 (N.D. Cal. Oct. 18, 2007). Given the light burden, motions to conditionally certify a class for notification purposes are "typically" granted. See Lemus v. Burnham Painting & Drywall Corp., 2007 WL 1875539, at *3 (D. Nev. June 25, 2007) ("the court usually relies on the pleadings and any affidavits submitted, and applies a lenient standard which typically results in 'conditional certification' of a representative class"). To proceed to the notification stage of the litigation, Plaintiffs' allegations need neither be "strong [n]or conclusive." Rehwaldt v. Elec. Data Sys. Corp., 1996 WL 947568, at *4 (W.D.N.Y. March 28, 1996). The evidence must only show that there is some "factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." Bonila v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1138 n.6 (D.Nev. 1999). Courts recognize that

collective action notification normally occurs before the Parties have had the chance to engage in extensive fact discovery. See Delgado v. Ortho-McNeil, Inc., 2007 WL 2847238 (C.D. Cal. Aug. 7, 2007) (citing Edwards v. City of Long Beach, 467 F.Supp.2d 986, 990 (C.D. Cal. 2006) ("Given the limited amount of evidence generally available at this stage, the court will generally apply a fairly lenient standard.")). That is why in making a determination in whether to conditionally certify a proposed class for notification purposes only, courts do not review the underlying merits of the action. See Williams v. Trendwest Resorts, Inc., 2006 WL 3690686, at *3-4 (citing Frank v. Capital Cities Comm., Inc., 88 F.R.D. 674, 676 (S.D.N.Y. 1981). "It is not the Court's role to resolve factual disputes…or…decide substantive issues going to the ultimate merits…at the preliminary certification stage of an FLSA collective action." Barrus v. Dick's Sporting Goods, Inc., 456 F. Supp. 2d 224, 230 (W.D.N.Y. 2006) (internal citations omitted). See also, e.g., Stanfield v. First NLC Fin. Servs., LLC, 2006 WL 3190527, at *4 (N.D.Cal. Nov. 1, 2006) ("the Court will not evaluate the merits of Plaintiffs' claims under the FLSA at this point in the litigation").

It is worth noting that during the November 20, 2008 Rule 16 Scheduling Conference, this Court even acknowledged the leniency of the standard for granting notice, stating that it would "likely grant [Plaintiffs' single motion for notice] due to the low—legal threshold that must be met." (See Dkt.#228 at p. 20.).

### III. Discussion

#### A. Defendants' Motion to Strike Plaintiffs' Newly Submitted Affirmations

The first issue that the Court must address is whether Plaintiffs could properly submit four new affirmations with their reply brief. (See Dkt.#268.) This Court has already warned Plaintiffs about raising new arguments in reply.[3] In its March 17, 2009 Order, the Court noted that "[c]onsistent with long-standing Ninth Circuit case law, this Court will deem as

---

[3] It should be noted that this warning was issued on March 17, 2009 (Dkt.#286.), which was more than one-month after Plaintiffs filed their reply brief in support of their motion for collective action notification.

waived any substantive legal arguments made for the first time in a reply brief" (See Dkt.#286.) The rule that a moving party must present all of its evidence or raise all of its legal arguments in a substantive brief, rather than in reply, is a rule rooted in the notion of fairness between parties. Each time the moving party is permitted to raise new arguments or present new evidence in reply, absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new contentions.

As the Ninth Circuit has repeatedly held, where new evidence is submitted for the first time in a reply brief, that evidence may be stricken. See Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (finding that new information submitted with reply brief was improper and striking the same); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996), cert. denied 522 U.S. 808 (1997) (court may refuse to consider new evidence submitted with reply brief). With respect to the instant case, there is no discernable reason why these affirmations could not have presented as part of Plaintiffs' initial motion for notice. As such, the Court will strike the four affirmations submitted by Plaintiffs with their reply brief, and the information contained therein will not be considered by the Court when determining whether Plaintiffs are "similarly situated" for purposes of conditional certification.

**B. Whether Plaintiffs Have Met Their Light Burden For Conditional Certification**

In order to demonstrate that the named Plaintiffs are similarly situated with Defendants' current and former hourly wage employees across the country, Plaintiffs have submitted their eight aforementioned affirmations—these were affirmations that were attached to Plaintiffs' brief in chief—along with additional evidence.. Plaintiffs argue that these affirmations demonstrate a nation wide pattern or practice by Defendants regarding community work, pre-needs sales, meal breaks, training, pre-approval for overtime pay, unrecorded work time and defendants failure to include all remuneration in the calculation of overtime. Plaintiffs claim that evidence of a consistent pattern or practice at Defendants' locations nationwide is sufficient to satisfy plaintiffs' burden, even in the face of Defendants' claim that each location was subject to different management. See, e.g., Hill v. Muscogee

County Sch. Dist., 2005 WL 3526669, at *2-*3 (M.D. Ga. Dec. 20, 2005) ("[I]f the decision makers all employ the same practice to deny overtime compensation, one justifiable inference which arises is that the pattern of violations was not coincidental but resulted from the application of a central policy"); Kalish v. High Tech Institute, Inc., 2005 WL 1073645, *3-4 (D.Minn. Apr. 22, 2005) ("Although the individual presidents appear to make significant decisions about compensation, the Court is not convinced that those decisions are not, in fact, dictated in large part by corporate policy. The wide range of control corporate headquarters seems to wield over the curriculum and other school policies suggests that headquarters may also assert similar control over compensation decisions and polices.").

Defendants respond to Plaintiffs' argument by asking the Court to strike the affirmation of Stephanie Brown in its entirety, as well as strike portions of Plaintiffs' seven remaining affirmations. With respect to Ms. Brown's affirmation, Defendants point out that Brown's employment ended in 2004. According to Defendants, assuming arguendo a willful violation of the FLSA, the statute of limitations is three years from the date the Complaint was filed, or January 15, 2005. 29 U.S.C. § 255(a). Thus, Brown was arguably not employed during the violation period, and she has no legal claims to be adjudicated in this action. With respect to the remaining declarants, Defendants contend that statements in the affirmations such as: "I was aware," "I believe," and other statements about what other hourly employees said or did are (1) not based on personal knowledge; (2) constitute or rely on hearsay; or (3) contain conclusory allegations, speculations and unsupported personal beliefs. According to Defendants, these allegations have no foundational basis other than the declarant's own belief, which is unsupported by fact. Defendants argue that the Court should require that declarations filed in support of conditional certification meet the same standard applicable to affidavits filed in support of a motion for summary judgment under Rule 56(e) of the Federal Rules of Evidence. See e.g., Harrison v. McDonald's Corp., 411 F. Supp. 2d 862 (S.D. Ohio 2005) (stating that given plaintiffs' ability to contact the vast number of punitive class members that reliance on hearsay and other inadmissible evidence was inappropriate.)

With respect to Brown's affirmation, the Court agrees with Defendants and notes that it must be struck. As noted, Brown's claim fall outside the scope of the statute of limitations, and therefore she has no legally cognizable interest in this lawsuit. Accordingly, her affirmation cannot inform the scope of a conditionally certified class.

With respect to the remaining original affirmations, this Court is not convinced that at this stage of the litigation the affidavits submitted in support of a motion for conditional certification pursuant to § 216(b) must meet the precise evidentiary standards set forth in Rule 56(e). As a district court in the Eastern District of Tennessee noted:

> [M]otions for conditional certification are different from motions for summary judgment in two important ways that suggest that the standards for affidavits in support of such motions should be different. First, motions for conditional certification occur at a much earlier stage in the litigation process than motions for summary judgment. Whereas summary judgment motions normally are made after the completion of discovery, motions for conditional certification normally are made when discovery is in its nascent stages. Requiring a plaintiff to present evidence in favor of conditional certification that meets the standards in Rule 56 fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis for his case. Second, motions for conditional certification, unlike motions for summary judgment, do not seek the final disposition of a case on the merits. Requiring admissible evidence at the summary judgment stage is logical: there is a possibility that trial will be avoided by the result, so courts should decide the motions based on evidence that would be admissible at trial, if one were held. There is, however, no corresponding possibility of final disposition at the conditional certification stage: whether a motion for conditional certification is granted or denied, the case proceeds with discovery.

White v. MPW Indus. Servs., Inc, 236 F.R.D. 363, 368 (E.D. Ten. 2006).

Furthermore, even if the Court were to strike the offending portions of Plaintiffs' declarants' affirmations based on the personal knowledge requirement of Rule 701—which is the rule governing lay opinion—Plaintiffs' claim would still survive. Each of Plaintiffs' seven declarants provided affirmation testimony that their individual employer in their particular state had a community work, pre-needs sales, meal breaks, training, pre-approval for overtime pay, unrecorded work time policy, and that Defendants failed to include all remuneration in the calculation of overtime. It is not determinative whether these affirmations met a personal knowledge requirement that would permit them to state that they each believed Defendants' employment practices and policies were of a national scope.

Under the liberal standard governing conditional certification, it is sufficient for the affirmations to contain nothing more than each individual declarant observed Defendants' policies in their state.

Because each of the eight original declarants observed the same sets of policies put into practice by employers in different states, the Court could then appropriately infer, without needing to rely upon the supposedly impermissible opinion testimony, that these plans and policies were of a sufficient national scope. At this stage of the litigation, given the light burden, Plaintiffs were not required to submit affirmations from employees within all 39 states that make up their proposed class. The law does not require such diligence, even if doing so might arguably be considered the best practice in nationwide FLSA class actions such as this. As such, Plaintiffs have demonstrated that their proposed class—the scope of which is defined by the eight original affirmations— have a "factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice," which is national in scope. See Bonila, 61 F. Supp. 2d at 1138 n.6. Therefore, the Court is convinced that Plaintiff's conditional class should be nationwide.

The next issue that the Court must address is whether the conditionally certified nationwide class action should, as Plaintiffs have proposed, include, "all hourly employees of SCI . . . [who] could have been" subject to seven alleged policies (Community Work Policy, Pre-Needs Appointment Policy, Training Compensation Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and Failure to Include All Remuneration in Overtime Calculation Policy). The Court notes that the affirmations submitted by Plaintiffs came from individuals who have held a limited number of job titles. These positions include, Funeral Director, Embalmer, Funeral Director/Embalmer, Location Manager, Family Service Counselor, Community Service Counselor, Family Service Supervisor. It is unclear to the Court how it would be justified in concluding that the job titles held by these eight declarants are in any way "similarly situated" to all of Defendants nearly 11,000 "hourly employees." Based on these affirmations—which the Court notes are scant and bare bones in nature—it would be unfair

for the Court to subject Defendants to the exorbitant costs associated with discovery on a conditionally certified class that covered all of its hourly employees in 39 states. Accordingly, the Court will only grant conditional certification to the class of jobs held by the original eight declarants.

In sum, given the light burden required for a motion to conditionally certify a class for notification purposes only, Plaintiffs' class will be conditionally certified. Furthermore, Plaintiffs' conditional class will be nationwide in scope, reaching all of Defendants' operations in the 39 states in which they are active. However, Plaintiff's conditional class will not include "all hourly employees." Instead, Plaintiff's conditional class will be limited to the job titles held by Plaintiff's eight original declarants.

Plaintiff's conditional class will therefore be limited to include all Funeral Directors, Embalmers, Funeral Director/Embalmers, Location Managers, Family Service Counselors, Community Service Counselors, and Family Service Supervisor across the Country who could have been subject to Defendants' alleged Community Work Policy, Pre-Needs Appointment Policy, Training Compensation Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and Failure to Include All Remuneration in Overtime Calculation Policies in all 39 states in which Defendants' operate.

### C. The Manner and Form of Notice

Lastly, Defendants have objected to the manner and form in which Plaintiffs have proposed to provide notice. First, Defendants argue that the notice fails to set a deadline by which members of the putative class must opt in to the action. Next, Defendants contend that Plaintiffs' demand that notice must be sent by email and by publication in SCI's newsletter, in addition to first class mail, is unwarranted and unduly burdensome. Lastly, Defendants argue that Plaintiffs are not entitled to phone numbers, or social security numbers of putative class members as they request.

The Court agrees with Defendants on all of these points. First, the Court notes that it sees no reason why notice via US Mail would not be appropriate under the circumstances.

As courts have held, a certified class must receive "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Reab v. Electronic Arts, Inc., 214 F.R.D. 623, 630 (D. Colo. 2002) quoting Fed. R. Civ. P. 23(c)(2). Here, the best practicable notice is first class mail. The Court sees no reason why such notice is inadequate, and as such, the Court will not require Defendants to provide notice via email and publication in Defendants' employee newsletter, as was requested.

As to whether Plaintiffs are entitled to the phone number and social security numbers of proposed class members, the Court rejects such a request. Because notice will be accomplished via first class mail, there is no need to provide Plaintiffs with the telephone numbers of all of the potential conditional class members. In any event, supplying the attorneys in this case with the phone numbers of thousands of Defendants' current and former employees seems like a needless intrusion into the privacy of these individuals and their families. See Campbell v. Pricewaterhouse Coopers, LLP, 2008 WL 2345035 (E.D. Cal. Jun. 5, 2008) (denying disclosure of telephone numbers where employer argued such disclosure would violate the privacy rights). Similarly, Plaintiff are not entitled to any social security numbers.

Lastly, the Court agrees with Defendants' suggestion that the opt-in form must include a deadline for proposed conditional class members to reply to any mailing that they are to receive. Where a district court authorizes the named plaintiffs in a FLSA collective action to send notice to all potential plaintiffs, it may set a deadline for plaintiffs to join the suit by filing opt-in consent forms. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 172 (1989); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1064 (9th Cir. 2000). The Court notes that including a 60 day deadline would encourage efficiency and would avoid the possibility of having collateral disputes between the Parties arise regarding the timeliness of attempts to opt into the litigation.

///

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiffs' Motion to Conditional Certify, (Dkt.#243.)

**IT IS FURTHER ORDERED** granting in part Defendants' Motion to Strike, (Dkt.#258.). The affirmation of Stephanie Brown is Ordered struck in its entirety.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Strike Plaintiffs' Newly Submitted Affirmations, (Dkt.#271.).

**IT IS FURTHER ORDERED** granting conditional certification of a class that includes all Funeral Directors, Embalmers, Funeral Director/Embalmers, Location Managers, Family Service Counselors, Community Service Counselors, and Family Service Supervisor who could have been subject to Defendants' alleged Community Work Policy, Pre-Needs Appointment Policy, Training Compensation Policy, Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and Failure to Include All Remuneration in Overtime Calculation Policies in all 39 states in which Defendants' operate.

DATED this 30th day of September, 2009.

_____
Mary H. Murguia
United States District Judge