# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES STICKLE, *et al.*, | )<br>) |
| Plaintiffs, | )  2:08-cv-00083 JWS<br>) |
| vs. | )  **ORDER AND OPINION**<br>) |
| SCI WESTERN MARKET<br>SUPPORT CENTER, L. P., *et al.*, | )  [Motion at Docket 2098]<br>)<br>) |
| Defendants. | )<br>) |

## BACKGROUND

Defendants filed a motion to compel at docket 2061. At docket 2092, the court denied the motion to compel as moot based on plaintiffs' representation in their response at docket 2063 that the parties had agreed upon a resolution to the issue and on the fact that defendants did not file a reply to contradict plaintiffs' representation. Defendants filed a request for clarification at docket 2096, which asked the court to reconsider its denial of the motion to compel and direct the plaintiffs to answer the disputed interrogatory more completely, without objection. The court issued another order at docket 2097, again setting forth the reasons for its denial of the motion to compel.

Defendants then filed a motion for reconsideration at docket 2098, asking the court to reconsider its order at docket 2097 and to direct plaintiffs to provide more thorough responses to Interrogatory No. 1 of their Second Set of Non-Uniform Interrogatories ("Interrogatory No. 1").  In the motion, defendants stress that they did not file a reply brief to their original motion to compel because no reply briefs were allowed by the court and argue that they do, in fact, challenge plaintiffs' representation that the discovery issue has been resolved.  Defendants argue that there are still deficiencies in plaintiffs' responses to Interrogatory No. 1.  Plaintiffs' response is at docket 2101, and defendants' reply is at docket 2103.

## **II. DISCUSSION**

The court has reviewed all the filings related to defendants' motion to compel and request for clarification and concludes that the parties have not reached an agreement about the discovery dispute.  In plaintiffs' response at docket 2063, they indicated that they agreed to supplement their responses to Interrogatory No. 1 so that any references to depositions would contain citations to specific portions of the relevant deposition.  They stated that they would be submitting the supplemental responses within the week.  They then argued that this agreement was a sufficient resolution to the discovery dispute and that defendants' motion to compel could be denied as moot.  The court's scheduling order at docket 2048 did not allow for a reply and defendants did not file anything further.  The court denied the motion to compel as moot.

However, through their motion for reconsideration, defendants argue that plaintiffs' purported resolution — supplemental responses to Interrogatory No. 1 to provide more specific citations when referencing depositions — was not a sufficient

resolution because it did not address the other issues raised in the motion to compel. Defendants' motion to compel also requested that plaintiffs submit a response to each subquestion in Interrogatory No. 1 and that plaintiffs withdraw improper objections.

It is not clear from the record what, exactly, the parties agreed to in regards to this discovery dispute. There was some understanding prior to defendants' motion to compel that plaintiffs would submit supplemental responses to Interrogatory No. 1, but there must have been a misunderstanding as to what those supplemental responses would address.[1] Nevertheless, the court concludes that plaintiffs' answers are incomplete, even with the supplemental responses.

Plaintiffs' supplemental responses to Interrogatory No. 1 are incomplete because they rely on objections.[2] At a hearing on February 5, 2013, the court determined that Interrogatory No. 1 was appropriate, and plaintiff did not object.[3] Plaintiffs had the opportunity to object and failed to do so. Thus, any objection was waived at that time, and plaintiffs cannot rely on objections to answer Interrogatory No. 1.

Furthermore, plaintiffs' supplemental responses to Interrogatory No. 1 are incomplete because they fail to answer each subquestion in Interrogatory No. 1. Instead, plaintiffs generally object and then reference other discovery documents without specifying which documents are responsive to the various subquestions. Thus, plaintiffs have failed to respond completely to Interrogatory No. 1 by failing to answer

---

[1] The email from plaintiffs' counsel to defendants' counsel on April 5, 2013, simply stated that plaintiffs agreed to serve amended responses to Interrogatory No. 1 "as [counsel] discussed" on April 3, 2013. *See* Doc. 2063-1 at p. 4.

[2] Doc. 2096-1.

[3] Doc. 2060 at pp. 33-34.

3

each subquestion or identify with particularity where in the other discovery documents the answers to such subquestions are located.

### III. CONCLUSION AND ORDER

Based on the foregoing, defendants' motion for reconsideration is GRANTED. Plaintiffs, including Marisia Farmer – the plaintiff acting on behalf of deceased plaintiff Gordon Farmer, are directed to provide complete answers to each subquestion in Interrogatory No. 1 without objection within fourteen (14) days from the date of this order. To the extent plaintiffs answer the subquestions by reference to other discovery responses, plaintiffs are directed to provide specific citations to indicate where in the referenced document defendants can find the answers to each subquestion. If plaintiffs do not have responsive information, they are directed to specifically state as much in their supplemental responses.

As for plaintiff Charlotte Stickle, who was the substituted party for deceased plaintiff James Stickle, the record demonstrates that she is now deceased. Her notice of death was filed on September 6, 2013, at docket 2102. Under Rule 25, the decedent's successor or representative has 90 days to request substitution. Thus, the status of James Stickle's claims is unclear at this time, and no supplemental response need be filed related to the Stickle claims until it is clear that someone has been substituted for the Stickle plaintiff.

Pursuant to Rule 37(a)(5), defendants are awarded attorney's fees and costs incurred in connection with the filing of the motion to compel and motions for clarification and reconsideration. Plaintiffs shall file a memorandum supporting the request within fourteen (14) days from the filing of this order. Plaintiffs shall respond within seven (7)

4

days from service of the memorandum.  A reply may be filed within three (3) days from service of the response.

DATED this 11th day of September 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE